**Jo Ann WATLEY, Appellant,**

v.

**J. W. WATLEY, Appellee.**

**No. 6536.**

Court of Civil Appeals of Texas, El Paso.

Aug. 25, 1976.

William B. Smith, Midland, for appellant.

Legg, Saxe & Baskin, Reagan H. Legg, Midland, for appellee.

## OPINION

WARD, Justice.

This is an appeal from an order denying a motion to increase child support payments, brought in accord with Sec. 14.08, Texas Family Code. The Appellant is the mother, and she alleged that there had been a substantial and material change in the circumstances of the child and asked that the support payments being made by the father be increased from $100.00 to $200.00 per month. We affirm.

The parties were divorced by decree entered January 15th, 1971, in the Court of Domestic Relations of Midland County, and the custody and control of two minor daughters were awarded to the mother, Jo Ann Watley, and J. W. Watley, the Appellee, was ordered to pay to Jo Ann Watley the sum of $100.00 per month per child for those two children. In the same decree, the boy of the parties was awarded to the care and custody of Appellee, J. W. Watley. When the motion to modify was filed in 1975, only one child remained under the age

of 18 years, this being one of the girls, and the Appellant sought to have the amount of child support for the one child raised to $200.00 per month. After a non-jury hearing of the evidence, the Court of Domestic Relations of Midland County found that circumstances had not materially and substantially changed since the entry of the original order and denied the motion to modify in all things. Additional findings of fact were neither requested nor filed.

Appellant's one point is that the Court abused its discretion in failing to increase the amount of child support. While the point is broad, the Appellant's brief makes a full and complete attack upon all evidentiary matters considered by the trial Court. Appellate review of the record will be under the rule as stated by McDonald: "When specific findings of fact and conclusions of law are filed, or are stated in the judgment and no additional findings are requested, and a statement of facts is also brought forward, the findings will be sustained if there is any evidence to support them." 4 McDonald, Texas Civil Practice 16.10(b) 29 (1971). *Mathews v. Warren,* 522 S.W.2d 569 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.), elaborated on the rule as follows:

"If there is any evidence of a probative nature to support the findings of the trial court, the judgment based on the findings must be affirmed. *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972, 977 (1951). The trial court had the right to consider all facts and circumstances in evidence and to indulge in reasonable inferences to be drawn therefrom in reaching the court's ultimate finding. In examining the record to determine whether there is any evidence of probative value to support the trial court's finding, an appellate court must view the evidence in the light most favorable to appellee and reject all evidence favorable to appellant against whom the judgment was rendered. *Woodward v. Ortiz,* 150 Tex. 75, 237 S.W.2d 286, 289 (1951)."

With those rules before us, we find that Watley is a self-employed furniture repairman and not in the best of financial circumstances. His income tax returns were introduced into evidence and show his income for 1971 at $3,972.00, for 1972 at $2,483.00, for 1973 at $3,226.00 and 1974 at $6,053.00. He testified that he frequently has to borrow money to make ends meet; that his expenses are increasing; and that he expects to have back surgery performed. He also showed that his present wife contributes more to the support of his present family than he is able, and that he cannot make the increased payments. Of further importance is the fact that Judge Mims has had before him all of the facts of the controversy from the time that the original divorce suit was filed.

The trial judge did not abuse his discretion in refusing to increase the child support payments. The judgment of the trial Court is affirmed.